# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TARELL A. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1805-DDN |
| | ) |
| RYAN HILLIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon pro se plaintiff Tarell A. Adams's motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that he is unable to pay the full amount of the filing fee. The motion will therefore be granted. In addition, for the reasons explained below, the Court will dismiss the official capacity claims and direct the Clerk of Court to issue process upon all defendants in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement showing an average monthly deposit of $8.72, and an average monthly balance of $11.10. The Court will therefore assess an initial partial filing fee of $2.22, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are correctional officers Ryan Hillis, Brandon A. Elkins, and Cassie L. Kobert. Plaintiff sues all defendants in their official and individual capacities.

According to the complaint, on August 1, 2016, plaintiff was incarcerated at Farmington Correctional Center in housing unit 5. At about 12:50 p.m. he was cuffed to a bench in B-wing. Brandon Elkins told Ryan Hillis to not remove plaintiff from the bench. When Hillis asked why not, Elkins said "I'll tell you later." (Docket No. 1 at 5). Hillis asked Elkins what was going on, and Elkins said "since he thinks he so bad I want to see and show the wing his buttocks." (*Id.*) Hillis then came to place plaintiff in a strip cage, and plaintiff protested submitting to a strip search.

Hillis and Elkins "then took turns using excessive force to make [plaintiff] perform sexual acts." (*Id.*) Plaintiff then submitted to a strip search, after which Hillis forced plaintiff to spread his buttocks three times. Cassie Kobert witnessed the events and did nothing.

## Discussion

Plaintiff's individual capacity claims against Ryan Hillis and Brandon Elkins for violation of his rights under the Eighth and Fourth Amendments will be allowed to proceed. Plaintiff's individual capacity claim against Cassie Kobert for failing to intervene, to the extent plaintiff alleges she did not intervene when excessive force was being used against him, will also be allowed to proceed. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) (recognizing a duty to intervene in the context of the use of excessive force).

Plaintiff's official capacity claims will be dismissed. Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, that entity is the State of Missouri, and "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.22 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Office of the Missouri Attorney General, as to defendants Ryan Hillis, Brandon A. Elkins, and Cassie L. Kobert in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Ryan Hillis, Brandon A. Elkins, and Cassie L. Kobert shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the official capacity claims against defendants Ryan Hillis, Brandon A. Elkins, and Cassie L. Kobert are **DISMISSED**. An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 21st day of September, 2017.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE