UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Tarell A. Adams.

Plaintiffs,

v.

Case No. 4:17CV01805 DDN

Ryan Hillis, et al

Defendants.

**AGREED STIPULATED PROTECTIVE ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

The parties have moved that the Court enter a protective order. The Court has determined the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. Scope. All materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information relating to the safety and security of the Missouri Department of Corrections generally and the Farmington Correctional Center in particular; (c) medical information concerning any individual; (d) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. **Information or documents that are available to the public may not be designated as Confidential Information. Where Confidential Information makes up only a portion of a document, this information will be redacted and the rest of the document will not be designated as a Confidential Information.** However, a

and representatives of the parties;

(3) The Court and Court personnel, including any Special Master appointed by the Court;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(6) Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert completed the certification contained in Attachment A;

(7) Potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation); and

(9) Mediator appointed by the Court or jointly selected by the parties;

(10) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated a "CONFIDENTIAL." Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

11. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

12. Obligations at Conclusion of Litigation.

(a) Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Return of Confidential Documents. Within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing

IT IS SO ORDERED.

_David D. Noce_     Nov. 21, 2018

UNITED STATES MAGISTRATE JUDGE       DATE