UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TARELL A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 17 CV 1805 DDN |
| | ) | |
| RYAN HILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION
REGARDING DISMISSING ACTION
WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

This action is before the Court on the motion of plaintiff Tarell A. Adams for an indefinite continuation of the trial setting of September 20, 2021.  (Doc. 90.)   On August 16, 2021, the Court ordered that plaintiff show cause why this action should not be dismissed without prejudice for failure to prosecute. (Doc. 91.)  The same day, plaintiff's appointed counsel responded to the show cause order.  (Doc. 92.)   The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The reasons plaintiff's appointed counsel submits for an indefinite continuation of the jury trial of this case are the following.  Plaintiff, while a Missouri state prisoner, commenced this lawsuit against several employees of the Missouri Department of Corrections claiming a violation of his constitutional rights in an incident occurring on August 1, 2016 in which he alleged he was unreasonably subjected to a strip search.  (Doc. 32, First Amended Complaint).  After his release from the Department of Corrections, plaintiff kept in contact with his appointed counsel until mid-July 2021.

On August 14, 2021, plaintiff's counsel was advised that plaintiff was in federal custody and was being held in a detention facility in Illinois.  Counsel learned that plaintiff is now charged in the southeastern division of this District Court, in Case No. 1:21 CR 92.

In that criminal case, plaintiff is represented by the Federal Public Defender's Office. The assistant Federal Public Defender filed a motion for plaintiff's mental evaluation, because defense counsel has a serious concern about plaintiff's ability to assist in his defense and "[f]urther information from pretrial services indicates a prior diagnosis of serious mental health issues." (Case No. 1:21 CR 92, Doc. 11)  The Magistrate Judge assigned to the case sustained the motion and ordered a mental evaluation of plaintiff by the United States Bureau of Prisons. (*Id.* at Doc. 12.)   It is argued that the mental evaluation process will take months and then plaintiff will need to have his competency to be prosecuted decided by the Court.  Further, plaintiff's appointed counsel in this civil case also adverts to the motion of the government in the criminal case for defendant to be detained until his criminal trial.  (*Id.* at Doc. 3.)

Plaintiff's counsel argues that "until Mr. Adams is cleared for trial by the medical professionals in the criminal case and receives proper and necessary treatment, he should be presumed unable to meaningfully [prepare for and] participate in the September 20 civil trial." (Case No. 4:17 CV 1805, Doc. 90 at 3.)

In response to the show cause order in this civil case, plaintiff's counsel argues that he has spoken with plaintiff's criminal defense counsel who describes plaintiff as having a flat psychological affect, as "not tracking well," and as not appearing able to assist in his own defense.  It appears that plaintiff will remain detained until the criminal matter is decided.  Nevertheless, movant-counsel argues that this civil case should not be dismissed because, while this is an old case, it would be inappropriate to assume plaintiff is guilty of the new criminal charges, or for the Court to attribute the admitted need for a lengthy delay of the civil jury trial in this case to any fault on the part of plaintiff. (Doc. 92.)

Plaintiff's counsel asks the Court to stay these proceedings until plaintiff is declared competent and "freely able to prepare for and attend this civil trial." (*Id.* at 4.)

## **DISCUSSION**

This Court has discretion to exercise its inherent authority to dismiss a civil case for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  That

discretion includes the reasonable management of the Court's "orderly and expeditious disposition of cases." *Id.* For the reasons set forth below, the Court dismisses this case for plaintiff's failure to prosecute it because the case is already at the end of its reasonable period of time for orderly disposition, even absent the indefinite stay plaintiff now seeks.

For a case that now involves only one discrete incident between prison correctional officers and plaintiff that occurred five years ago, the case is now over four years old, having begun *pro se* and *in forma pauperis* on June 26, 2017. Several of plaintiff's claims were dismissed in September 2017. In September 2018, the Court appointed plaintiff's current counsel, who has represented plaintiff's interests in this action with high professional ability and efficiency. An amended complaint was filed in February 2019. In April 2020, defendants moved for summary judgment. By this time, plaintiff had been released from prison but had gotten out of touch with his appointed counsel. In April 2020, the Court granted plaintiff's counsel an extension of time to file a response to the motion for summary judgment, to allow counsel to reestablish contact with plaintiff. Plaintiff's counsel was able to respond to the motion. In March 2021, the Court denied the motion for summary judgment and in April 2021 set the case for a jury trial on September 20, 2021. In July 2021 the parties were not able to reach a settlement of the case through the services of an expert ADR neutral. This action was then ready to be tried to a jury.

On August 3, 2021, a grand jury of this Court found probable cause to believe that plaintiff Tarell Adams, on May 24, 2020, during the period of time in which his appointed counsel in this civil case was having difficulty maintaining contact with plaintiff, engaged in armed methamphetamine trafficking. The pretrial detention and competency to stand trial issues in the criminal case are adverted to above. This Court does not consider defendant guilty of the offenses with which he is now charged. He remains entitled to the presumption of innocence. *E.g.* 18 U.S.C. § 3142(j).

Nevertheless, this case must be dismissed. Congress has determined that civil cases that have not been terminated within three years after filing must be given special attention. *See* 28 U.S.C. § 476(a)(3) (Civil Justice Expense and Delay Reduction Act). This case is not complex. It is older than the three years that Congress indicates deserves special

attention.  A review of its docket entries indicates it has received a large amount of attention by the Court and attention and expense by the parties and their counsel as it proceeded to trial.  For the case now to be stayed indefinitely under the current circumstances, with the likelihood of trial within a reasonable period of time being only highly speculative, would be unreasonable.

For these reasons, under the inherent authority of the Court, the Court dismisses this action without prejudice for failure to prosecute.  An appropriate Judgment Order is issued herewith.

                                         /s/   David D. Noce  
                              **UNITED STATES MAGISTRATE JUDGE**

Signed on August 23, 2021.

- 4 -